**7 P.(2d) 296**

**STATE v. BUSTILLOS.**

**No. 3691.**

Supreme Court of New Mexico.

Jan. 9, 1932.

Caswell S. Neal, of Carlsbad, for appellant.

E. K. Neumann, Atty. Gen., and Quincy D. Adams, Asst. Atty. Gen., for the State.

PARKER, J.

The appellant was tried and convicted in the district court of Eddy county for unlawfully discharging a deadly weapon in a settlement and has appealed. There is direct evidence in the case that he committed the offense by the person into whose house he shot. The prosecution, however, introduced evidence, over the strenuous objection of the counsel for the defendant, that the defendant when confronted by the officers of the law refused to submit to arrest, called the officers vile names, and was generally in a belligerent frame of mind. The officers secured a warrant within about forty minutes after the offense is alleged to have been committed, and were compelled to seize the defendant by force in order to overpower him, at which time he likewise called the officers vile names and threatened to kill them. The objection of counsel for the defendant is founded upon two propositions, viz.: First, that the evidence objected to was not a part of the res gestæ, and therefore was inadmissible; and, second, that the evidence tended to show the

commission by the defendant of other crimes, which was highly detrimental to his defense. Counsel for defendant has entirely mistaken the proposition involved. It may be true that the testimony offered as to the belligerent attitude of the defendant after the commission of the offense charged and his resistance of arrest was not a part of the res gestæ of the offense for which he was being tried and that it did tend to show the commission of other crimes. However, the testimony was entirely competent and admissible upon the theory that, the defendant being full of bootleg whisky, and being in a fighting mood within a short time after the commission of the offense, his belligerent attitude extending to all persons, officers, or private citizens, tended to show the frame of mind in which the defendant was and the attitude which he took towards other people. This it was competent to show for the purpose of establishing, or tending to establish the main fact, viz.: That within a few minutes prior thereto he had discharged a deadly weapon in a settlement. We can see no objection to the testimony in regard to its relevancy or competency, or for any other reason. See 1 Wigmore on Ev. § 336.

This is the only error argued by counsel on behalf of appellant, and, as we have seen, has no merit.

It follows from the foregoing that the judgment of the district court was correct and should be affirmed, and commitment for the defendant issued in due course, and, it is so ordered.

BICKLEY, C. J., and WATSON, J., concur.

HUDSPETH and SADLER, JJ., did not participate.